**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF WEST VIRGINIA
Clarksburg Division**

ELECTRONICALLY
FILED
01/06/2021
U.S. DISTRICT COURT
Northern District of WV

JOANN COBURN, as Attorney in Fact for
William F. Coburn, Jr., JR., a West Virginia
Citizen and Resident; and JOHN E. COBURN,
a West Virginia Citizen and Resident.

CASE NO.:    1:21-CV-2 (Kleeh)

       Plaintiffs,

vs.

WESTFIELD INSURANCE COMPANY, an
Ohio Corporation,

       Defendant.

_____/

## C O M P L A I N T

COME NOW the Plaintiffs, JOANN COBURN, as Attorney in Fact for William F. Coburn, Jr., a West Virginia citizen and resident, and JOHN E. COBURN, a West Virginia citizen and resident, and by and through their undersigned attorneys and sue the Defendant, WESTFIELD INSURANCE COMPANY, an Ohio corporation, who respectfully allege:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    This is an action for damages in excess of $75,000.00 (Seventy-Five Thousand Dollars), exclusive of attorneys' fees, interest and costs, and plaintiff(s) hereby demand a trial by jury.

2.    At all times relevant hereto, Plaintiff, JOHN E. COBURN, was and is a resident of Fairmont, Marion County, West Virginia.

3.     At all times relevant hereto, Plaintiff, JOANN COBURN, as Attorney in Fact for William F. Coburn, Jr. ("WILLIAM F. COBURN, JR."), was and is a resident of Fairmont, Marion County, West Virginia.

4.     At all relevant times, Defendant, WESTFIELD INSURANCE COMPANY ("WESTFIELD"), was and is a corporation organized and existing under the laws of Ohio with its principal office and primary place of business in Ohio.

5.     WESTFIELD is registered and doing business in the state of West Virginia, for which it receives substantial revenue.

6.     Defendant, WESTFIELD, submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

   a.  Conducting and engaging in substantial business and other activities in West Virginia by selling, delivering and servicing insurance policies, including the policy insuring the 2009 Chevrolet Silverado bearing VIN 1GCHK43K89F152815 involved in the April 16, 2019 crash at issue (the "Subject Crash"), to persons, firms, or corporations in this state via its brokers and agents. Such policies were used by consumers in West Virginia in the ordinary course of commerce and trade;

   b.  Committing a tortious act by failing to preserve evidence, specifically the insured 2009 Chevrolet Silverado bearing VIN 1GCHK43K89F152815 that was involved in the Subject Crash which occurred in Monongalia County, West Virginia, despite having actual knowledge of a pending civil action and voluntarily undertaking a duty to do so, as set forth in more detail below; and

   c.  Voluntarily qualifying to conduct business in this state by registering with the West Virginia Secretary of State.

7.     Venue is proper in this Court because the Subject Crash leading to this cause of action occurred in Monongalia County, West Virginia, and the duty to preserve evidence was created in and through actions which were taken and which occurred, in whole or in party, in both Monongalia County and Marion County, West Virginia.

8.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000 and the matter there is complete diversity of citizenship between parties.

**<u>The Subject Crash</u>**

9.     On April 16, 2019, Plaintiff, JOHN E. COBURN, was operating his 2009 Chevrolet Silverado bearing VIN 1GCHK43K89F152815 (the "Subject Silverado") on Greenbag Road when he suddenly and unexpectedly lost control while trying to avoid another vehicle that crossed the centerline.

10.    At said time and place, Plaintiff WILLIAM F. COBURN, JR., was seated as the front seat passenger of the Subject Silverado.

11.    At that time and place, the Subject Silverado went across the roadway, struck a culvert, went airborne, went through a fence, and came to final rest on the embankment.

12.    Despite the crash being incredibly violent, the Subject Silverado's front driver and passenger airbags failed to deploy in a crash which the said airbags were designed to deploy and in which the said airbags should have deployed.

13.    As a result, Plaintiff, JOHN E. COBURN, sustained catastrophic permanent injuries which would have been prevented had the airbags properly deployed.

Page 4

14.     As a result, Plaintiff, WILLIAM F. COBURN, JR., sustained catastrophic permanent injuries which would have been prevented had the airbags properly deployed.

15.     The Subject Silverado was designed, manufactured, and sold by General Motors Corporation.

16.     As a direct and proximate result of the Subject Crash, Plaintiff JOHN E. COBURN, sustained damages of a permanent and continuing nature, including past and future medical expenses, pain, disability, mental anguish, and suffering. These injuries are permanent and will continue into the future.

17.     As a direct and proximate result of the Subject Crash, Plaintiff, WILLIAM F. COBURN JR., sustained damages of a permanent and continuing nature, including past and future medical expenses, pain, disability, mental anguish, and suffering. These injuries are permanent and will continue into the future.

18.     At all times relevant hereto, the Subject Silverado was insured by Defendant, WESTFIELD.

19.     At all times relevant hereto, WESTFIELD was the first party insurance carrier for Plaintiff, JOHN E. COBURN.

20.     Following the Subject Crash, the Subject Silverado was towed by Blands Towing in Morgantown, WV, to a location in the Morgantown area owned and operated by Blands Towing.  At and from the location owned or operated by Blands Towing in Morgantown, WV, WESTFIELD took and assumed possession and control of the Subject Silverado.

21.     At all times relevant hereto, the Subject Silverado was in the care and control of WESTFIELD.

22.     At all times relevant hereto, non-parties, Tan Phommachack, Lakesha Banks, and Emily McIntyre were acting within the scope of their employment and agency with WESTFIELD.

### COUNT I – JOHN E. COBURN'S CLAIM FOR NEGLIGENT SPOLIATION

23.     Paragraphs 1 through 22 are realleged and are treated as being fully rewritten herein.

24.     Plaintiff JOHN E. COBURN brings this cause of action for spoliation against WESTFIELD.

25.     WESTFIELD, through its employees and agents who were acting within the scope of their employment and agency relationships with WESTFIELD, took possession of the Subject Silverado following the Subject Crash pursuant to WESTFIELD's first party duties and rights under a policy of insurance it issued with respect to the Subject Silverado.

26.     **Existence of a Pending or Potential Action.** Plaintiff, JOHN E. COBURN, had valid potential and pending negligence and strict liability defective product claims against GM because the Subject Silverado's airbags failed to deploy in the Subject Crash.

    a.  On January 30, 2020, WESTFIELD was first notified of the potential products claims against GM.

    b.  On February 3, 2020, a representative of Plaintiff, JOHN E. COBURN, first inspected the Subject Silverado at Copart.

    c.  On February 12, 2020, Tan Phommachack emailed counsel for Plaintiff, JOHN E. COBURN, that Plaintiff's expert would have access to the Subject Silverado.

d.  Thereafter, Plaintiff, JOHN E. COBURN's expert was scheduled to inspect the truck on February 18, 2020.

e.  On February 18, 2020, Plaintiff, JOHN E. COBURN's expert, David Bizzack inspected and performed an EDR download on the Subject Silverado.

f.  On or about March 19, 2020, Plaintiff's EDR expert, Robert Willer of Quest Engineering and Failure Analysis, Inc., reviewed the EDR download and determined the forces of the Subject Crash should have resulted in airbag deployment.

g.  On April 28, 2020, counsel for Plaintiff, JOHN E. COBURN sent GM a notice letter via its counsel notifying GM of the pending product liability claims against it.

27.  **Actual Spoliator had Actual Knowledge of Pending or Potential Civil Action.**

WESTFIELD had actual knowledge of the pending or potential civil action against GM.

a.  On January 30, 2020, counsel for Plaintiff, JOHN E. COBURN, notified Tan Phommachack via telephone that there is an investigation into a product liability claim relating to the Subject Silverado's airbags. He agreed to preserve the Subject Silverado.

b.  On February 12, 2020, Tan Phommachack emailed counsel for Plaintiff, JOHN E. COBURN and confirmed that Plaintiff's representatives would have access to the Subject Silverado and requesting to be advised when WESTFILED could move forward with salvage of the vehicle.

c.   Thereafter on February 12, 2020, counsel for Plaintiff, JOHN E. COBURN, emailed Tan Phommachack demanding continued preservation of the Subject Silverado. Lakesha Banks was also copied on the email. The subject line of the February 12, 2020 email was "RE: IN/002019 COBURN [John] v. GM: claim 0002025798."

d.   On March 10, 2020, Tan Phommachack emailed counsel for Plaintiff, JOHN E. COBURN inquiring as to whether WESTFIELD could proceed with resolving the total loss of the Subject Silverado.

e.   Again, on March 11, 2020, counsel for Plaintiff, JOHN E. COBURN, emailed Tan Phommachack, demanding continued preservation of the Subject Silverado. The subject line of the March 11, 2020 email was "RE: 20/0035 COBURN [John Edward] v. General Motors Corporation: IN/002019 COBURN [John] v. GM: claim 0002025798."

f.   On April 14, 2022, Tan Phommachack emailed counsel for Plaintiff again asking if the vehicle could be released.

g.   On April 14, 2020, counsel for Plaintiff and Tan Phommachack had a telephone conference where Plaintiff's counsel advised the investigation into the product liability claims against GM was ongoing, the vehicle would need to continue to be preserved. Tan Phommachack agreed to preserve the vehicle.

h.   Thereafter on April 14, 2020, counsel for Plaintiff, JOHN E. COBURN, emailed Tan Phommachack, demanding continued preservation of the Subject Silverado. The subject line of the April 14, 2020 email was "RE: 20/0035 COBURN [John

Edward] v. General Motors Corporation: IN/002019 COBURN [John] v. GM: claim 0002025798." Lakesha Banks was also copied on the email.

28.    **A Duty to Preserve Existed.** WESTFIELD had a duty to preserve the Subject Silverado because it was on written notice of the potential action and the importance of the Subject Silverado as evidence, because it agreed to preserve the Subject Silverado, because it voluntarily assumed the duty to preserve the Subject Silverado, due to other special circumstances, including, but not limited to WESTFIELD being the first party insurer of Plaintiff, JOHN E. COBURN, and that Plaintiff, JOHN E. COBURN justifiably relied on Westfield to preserve the Subject Silverado.

     a.   WESTFIELD had a special relationship with JOHN E. COBURN as WESTFIELD was the first party insurer of the Subject Silverado.

     b.   WESTFIELD also voluntarily assumed a duty to preserve the Subject Silverado by agreeing to do so and through its affirmative conduct in continuing to preserve the Subject Sivlerado until approximately August 5, 2020.

29.    WESTFIELD through its employees and authorized agents who were acting within the scope of their employment and agency relationships with WESTFIELD, represented to Plaintiff on multiple occasions that the Subject Silverado was being preserved pursuant to Plaintiff's requests.

30.    At no time did WESTFIELD indicate to Plaintiff its intent to release or destroy the Subject Silverado.

31.    **Spoliation of the Evidence.** Despite receiving multiple requests to preserve the Subject Silverado and making assurances that it would be preserved, WESTFIELD, though its

employees and agents caused or negligently allowed the Subject Silverado to be sold at auction. On August 5, 2020, Lakesha Banks, acting within the scope of her employment and a Jabber message from another adjuster, employee or agent of WESTFIELD, who indicated that the Subject Silverado could be released. Thereafter, Lakesha Banks contacted Copart and indicated that the Subject Silverado could be released and sold at auction.

32.    **The Spoliated Evidence Was Vital to Prevail in the Pending or Potential Civil Action.** The Subject Silverado is vital to any claim for a product defect arising out of the Subject Crash. Due to the spoliation and destruction of the Subject Silverado, Plaintiff, JOHN E. COBURN is unable to present the Subject Silverado to GM for inspection and evaluation and is unable to present a claim that the Subject Silverado was defective, unreasonably dangerous, or that GM acted negligently as a result of GM not having the opportunity or ability to refute the Plaintiffs claims or mount a defense.

33.    As a result of the spoliation, JOHN E. COBURN is not able to survive summary judgment against GM in a defective products and airbag case.

34.    **Vicarious liability.** WESTFIELD is vicariously liable for the negligent acts and omissions of its agents and employees, including but not limited to Tan Phommachack, Lakesha Banks, and Emily McIntyre, in destroying, or negligently permitting the destruction of, the Subject Silverado.

35.    **Damages.** As a direct and proximate result of the spoliation and destruction of the Subject Silverado, Plaintiff, JOHN E. COBURN, has suffered damages including the loss of a probable expectancy of recovery as to his defective products claims against GM.

**WHEREFORE**, Plaintiff, JOHN E. COBURN demands judgment against Defendant, WESTFIELD, for compensatory damages, costs, and interest as allowed for by law, and for other such relief as this Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT II – WILLIAM F. COBURN, JR.'S CLAIM FOR NEGLIGENT SPOLIATION

36.     Paragraphs 1 through 19 are realleged and are treated as being fully rewritten herein.

37.     Plaintiff WILLIAM F. COBURN, JR. brings this cause of action for spoliation against WESTFIELD.

38.     WESTFIELD, through its employees and agents who were acting within the scope of their employment and agency relationships with WESTFIELD, took possession of the Subject Silverado following the Subject Crash pursuant to WESTFIELD's first party duties and rights under a policy of insurance it issued with respect to the Subject Silverado.

39.     **Existence of a Pending or Potential Action.** Plaintiff, WILLIAM F. COBURN, JR., had valid potential and pending negligence and strict liability defective product claims against GM because the Subject Silverado's airbags failed to deploy in the Subject Crash.

      a.  On January 30, 2020, WESTFIELD was first notified of the potential products claims against GM.

      b.  On February 3, 2020, a representative of Plaintiff, WILLIAM F. COBURN, JR., first inspected the Subject Silverado at Copart.

c.  On February 12, 2020, Tan Phommachack emailed counsel for Plaintiff, WILLIAM F. COBURN, JR., that Plaintiff's expert would have access to the Subject Silverado.

d.  Thereafter, Plaintiff, WILLIAM F. COBURN, JR.'s expert was scheduled to inspect the truck on February 18, 2020.

e.  On February 18, 2020, Plaintiff, WILLIAM F. COBURN, JR.'s expert, David Bizzack inspected and performed an EDR download on the Subject Silverado.

f.  On or about March 19, 2020, Plaintiff's EDR expert, Robert Willer of Quest Engineering and Failure Analysis, Inc., reviewed the EDR download and determined the forces of the Subject Crash should have resulted in airbag deployment.

g.  On April 28, 2020, counsel for Plaintiff, WILLIAM F. COBURN, JR. sent GM a notice letter via its counsel notifying GM of the pending product liability claims against it.

40.  **Actual Spoliator had Actual Knowledge of Pending or Potential Civil Action.** WESTFIELD had actual knowledge of the pending or potential civil action.

h.  On January 30, 2020, counsel for Plaintiff, WILLIAM F. COBURN, JR., notified Tan Phommachack via telephone that there is an investigation into a product liability claim relating to the Subject Silverado's airbags. He agreed to preserve the Subject Silverado.

i.  On February 12, 2020, Tan Phommachack emailed counsel for Plaintiff, WILLIAM F. COBURN, JR.  and confirmed that Plaintiff's representatives

would have access to the Subject Silverado and requesting to be advised when WESTFILED could move forward with salvage of the vehicle.

j.   Thereafter on February 12, 2020, counsel for Plaintiff, WILLIAM F. COBURN, JR., emailed Tan Phommachack demanding continued preservation of the Subject Silverado. Lakesha Banks was also copied on the email. The subject line of the February 12, 2020 email was "RE: IN/002019 COBURN [John] v. GM: claim 0002025798."

k.   On March 10, 2020, Tan Phommachack emailed counsel for Plaintiff, WILLIAM F. COBURN, JR.  inquiring as to whether WESTFIELD could proceed with resolving the total loss of the Subject Silverado.

l.   Again, on March 11, 2020, counsel for Plaintiff, WILLIAM F. COBURN, JR., emailed Tan Phommachack, demanding continued preservation of the Subject Silverado. The subject line of the March 11, 2020 email was "RE: 20/0035 COBURN [John Edward] v. General Motors Corporation: IN/002019 COBURN [John] v. GM: claim 0002025798."

m.   On April 14, 2022, Tan Phommachack emailed counsel for Plaintiff again asking if the vehicle could be released.

n.   On April 14, 2020, counsel for Plaintiff and Tan Phommachack had a telephone conference where Plaintiff's counsel advised the investigation into the product liability claims against GM was ongoing, the vehicle would need to continue to be preserved. Tan Phommachack agreed to preserve the vehicle.

Case No. «Court_court_case_no»
Page 13

o.   Thereafter on April 14, 2020, counsel for Plaintiff, WILLIAM F. COBURN, JR., emailed Tan Phommachack, demanding continued preservation of the Subject Silverado. The subject line of the April 14, 2020 email was "RE: 20/0035 COBURN [John Edward] v. General Motors Corporation: IN/002019 COBURN [John] v. GM: claim 0002025798." Lakesha Banks was also copied on the email.

41.   **A Duty to Preserve Existed.** WESTFIELD had a duty to preserve the Subject Silverado because it was on written notice of the potential action and the importance of the Subject Silverado as evidence, because it agreed to preserve the Subject Silverado, because it voluntarily assumed the duty to preserve the Subject Silverado, due to other special circumstances, and that Plaintiff, WILLIAM F. COBURN, JR. justifiably relied on Westfield to preserve the Subject Silverado.

a.   WESTFIELD voluntarily assumed a duty to preserve the Subject Silverado by agreeing to do so and by its affirmative conduct in continuing to preserve the Subject Sivlerado until approximately August 5, 2020.

42.   WESTFIELD through its employees and authorized agents who were acting within the scope of their employment and agency relationships with WESTFIELD, represented to Plaintiff on multiple occasions that the Subject Silverado was being preserved pursuant to Plaintiff's requests.

43.   At no time did WESTFIELD indicate to Plaintiff its intent to release or destroy the Subject Silverado.

44.   **Spoliation of the Evidence.** Despite receiving multiple requests to preserve the Subject Silverado and making assurances that it would be preserved, WESTFIELD, though its

employees and agents caused or negligently allowed the Subject Silverado to be sold at auction. On August 5, 2020, Lakesha Banks, acting within the scope of her employment and a Jabber message from another adjuster, employee or agent of WESTFIELD, who indicated that the Subject Silverado could be released. Thereafter, Lakesha Banks contacted Copart and indicated that the Subject Silverado could be released and sold at auction.

45.     **The Spoliated Evidence Was Vital to Prevail in the Pending or Potential Civil Action.** The Subject Silverado is vital to any claim for a product defect arising out of the Subject Crash. Due to the spoliation and destruction of the Subject Silverado, Plaintiff, WILLIAM F. COBURN, JR.  is unable to present the Subject Silverado to GM for inspection and evaluation and is unable to present a claim that the Subject Silverado was defective, unreasonably dangerous, or that GM acted negligently as a result of GM not having the opportunity or ability to refute the Plaintiffs claims or mount a defense.

46.     As a result of the spoliation, WILLIAM F. COBURN, JR.  is not able to survive summary judgment against GM in a defective products and airbag case**.**

47.     **Vicarious liability.** WESTFIELD is vicariously liable for the negligent acts and omissions of its agents and employees, including but not limited to Tan Phommachack, Lakesha Banks, and Emily McIntyre, in destroying, or negligently permitting the destruction of, the Subject Silverado.

48.     **Damages.** As a direct and proximate result of the spoliation and destruction of the Subject Silverado, Plaintiff, WILLIAM F. COBURN, JR., has suffered damages including the loss of a probable expectancy of recovery as to his defective products claims against GM.

Case No. «Court_court_case_no»
Page 15

    **WHEREFORE**, Plaintiff, WILLIAM F. COBURN, JR. demands judgment against Defendant, WESTFIELD, for compensatory damages, costs, and interest as allowed for by law, and for other such relief as this Court deems just and demands a trial by jury on all issues so triable as a matter of right.

<h3 align="center"><u>JURY DEMAND</u></h3>

    WHEREFORE, Plaintiffs, JOHN E. COBURN and WILLIAM F. COBURN, JR., demand judgment for damages against the Defendant, WESTFIELD, and further demands trial by jury.

          Respectfully submitted this 6th day of January, 2021, by:

                /s/ Patrick E. McFarland_____
                Patrick E. McFarland (Bar No. 4854)
                Patrick E. McFarland, P.L.L.C.
                3011 Murdoch Avenue
                Parkersburg, WV  26101
                PH: (304) 424-6400
                Fax: (304) 424-5179 -- "Fax"
                Email: pat@patmcfarlandlaw.com
                Attorney for Plaintiffs

                and

                Shana P. Nogues, Esq., pending *pro hac vice*,
                CLARK, FOUNTAIN, LA VISTA, PRATHER,
                & LITTKY-RUBIN, LLP
                1919 N. Flagler Drive, 2nd Floor
                West Palm Beach, FL 33407
                PH: (561) 899-2100
                Fax: (561) 832-3580
                Email: snogues@clarkfountain.com
                Florida Bar No. 99946
                Attorney for Plaintiffs